IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TRALAN D. CARR,<br><br>              Plaintiff,<br><br>   vs.<br><br>DAYANAIRRA KAY VANDERPLAS,<br><br>              Defendant. | **8:21CV143**<br><br><br>**MEMORANDUM<br>AND ORDER** |

Plaintiff, a patient at the Norfolk Regional Center ("NRC"), has been given leave to proceed in forma pauperis. (Filing 5.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff sues the Defendant, who is alleged to be an Iowa resident, for $2,500, claiming that the Defendant burned his clothing and stole and cashed his stimulus check and redeemed his Nike gift card.

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

## III.  DISCUSSION OF CLAIMS

Federal district courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The subject-matter jurisdiction of the federal district courts is generally set forth in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when the parties are of diverse citizenship and the amount in controversy exceeds $75,000, or when a "federal question" is presented. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Subject-matter jurisdiction is proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity-of-citizenship" jurisdiction, when "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Natl. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). In addition, the amount in controversy must be greater than $75,000.00. 28 U.S.C. § 1332(a).

Subject-matter jurisdiction is also proper under 28 U.S.C. § 1331 when a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," the Constitution, or treaties of the United States, commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). Under this type of jurisdiction, a plaintiff must allege that the defendants deprived him of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed under "color of state law" in order to bring a claim under 42 U.S.C. § 1983. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

Upon careful review of Plaintiff's Complaint, the court finds that it lacks subject-matter jurisdiction over this matter because, although the parties appear to be diverse, the amount in controversy is far below the sum required to satisfy 28 U.S.C. § 1332. Plaintiff does not claim that federal-question jurisdiction is applicable, nor does he set forth any specific actions taken by the Defendant that

2

violate any constitutional right or support a claim under 42 U.S.C. § 1983 or any other federal statute.

For these reasons, the court lacks subject-matter jurisdiction pursuant to either 28 U.S.C. §§ 1331 or 1332, and this action must be dismissed without prejudice[1] pursuant to Federal Rule of Civil Procedure 12(h)(3). The court will not give Plaintiff an opportunity to amend his Complaint because it is obvious that amendment would be futile. Even liberally construed, Plaintiff's Complaint does not set forth any discernible claim for relief over which this court has jurisdiction.

IT IS ORDERED:

1.    This action is dismissed without prejudice for lack of subject-matter jurisdiction.

2.    Judgment shall be entered by separate document.

DATED this 9th day of August, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

---

[1] *See County of Mille Lacs v. Benjamin*, 361 F.3d 460, 464 (8th Cir. 2004) ("A district court is generally barred from dismissing a case with prejudice if it concludes subject matter jurisdiction is absent.")